# In the United States Court of Federal Claims

Case No. 1:23–cv–565 T
(Filed: May 8, 2023)

|  |  |
|---|---|
| **TYSHEED DAVIS,** | ) |
| **Plaintiff,** | ) |
| v. | ) |
| **THE UNITED STATES,** | ) |
| **Defendant.** | ) |

### ORDER DENYING PLAINTIFF'S
### MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

    On April 18, 2023, Plaintiff, who is incarcerated at a state correctional facility in Pennsylvania, filed his complaint alleging that the Internal Revenue Service owes him $1.6 million in back taxes. *See* ECF No. 1 at 1–3. Rather than paying the filing fee, Plaintiff filed a motion for leave to proceed *in forma pauperis*. *See* ECF No. 2.

    Upon review of the motion and having conducted additional research, it appears that Plaintiff is barred by statute from proceeding *in forma pauperis*. Specifically, Plaintiff has accrued three strikes pursuant to 28 U.S.C. § 1915(g), which provides that a prisoner may not proceed *in forma pauperis*:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

    Since being imprisoned, Plaintiff has been a prolific filer and has brought a number of cases in federal district courts in Pennsylvania. Of those cases, several have already been dismissed as frivolous or for failure to state a claim. *See, e.g.*, Memorandum & Memorandum Order, *Davis v. The City of Phila. Police Dep't.*, No. 21–5701 (E.D. Pa. June 7, 2022), ECF Nos. 9–10 (dismissing amended complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)); Memorandum & Memorandum Order, *Davis v. In the United States District Court for the Eastern Dist. of Pa.*, No. 22–2477 (E.D. Pa. Aug. 22, 2022), ECF Nos. 6–7 (dismissing complaint for failure to state a claim pursuant to 28 U.S.C. *§* 1915(e)(2)(B)(ii)); Memorandum and Opinion & Memorandum and Order, *Davis v. Michael L. McDermott*, No.

22–0750 (E.D. Pa. Nov. 18, 2022) (dismissing amended complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)), ECF Nos. 22–23; Memorandum and Opinion & Memorandum and Order, *Davis v. United States Marines*, Civ. A. No. 22–4541 (E.D. Pa. Dec. 16, 2022) (dismissing complaint as legally frivolous pursuant to 28 U.S.C. *§* 1915(e)(2)(B)(i)), ECF Nos. 9–10.  In fact, Plaintiff has already had *in forma pauperis* applications denied for having violated the three strikes rule provided in 28 U.S.C. § 1915(g).  *See* Memorandum & Order, *Davis v. Phila. Office of the Mayor*, No. 22–4794 (E.D. Pa. Dec. 16, 2022), ECF Nos. 4, 5 (denying application to proceed *in forma pauperis* on three strikes grounds); Order, *Davis v. United States Army Recruit*, No. 22–cv–5213 (E.D. Pa. Jan. 10, 2023), ECF No. 3 (same); Order, *Davis v. Federal Dist. Atty's Office*, No. 23–222 (E.D. Pa. Jan. 23, 2023), ECF No. 4 (same).

Pursuant to 28 U.S.C. § 1915(g), because Plaintiff has previously filed more than three complaints that were dismissed as frivolous or for failure to state a claim, and because Plaintiff's instant complaint, which alleges that he is owed back taxes, fails to demonstrate that he is under imminent threat of serious physical injury, Plaintiff must pay the filing fee to proceed with this action.  Accordingly, Plaintiff's motion for leave to proceed *in forma pauperis* is **DENIED**, and Plaintiff shall pay the filing fee within **thirty (30) days** of entry of this order or Plaintiff's complaint will be dismissed for failure to prosecute.  *See* Rule 41 of Rules of the United States Court of Federal Claims.  The United States' deadline for responding to Plaintiff's complaint is hereby **STAYED**.  If Plaintiff pays the filing fee, the United States shall have **sixty (60) days** from the date on which the Clerk acknowledges receipt of the filing fee on ECF within which to answer or otherwise respond to Plaintiff's complaint.

**IT IS SO ORDERED.**

s/ Zachary N. Somers
ZACHARY N. SOMERS
Judge