IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 23-455 T
(Judge Zachary N. Somers)

TYSHEED DAVIS,

                                    Plaintiff,

v.

THE UNITED STATES,

                                    Defendant.

**DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION**

Defendant respectfully requests that this court dismiss the above-captioned case because it lacks subject matter jurisdiction over Plaintiff's complaint. *See* RCFC 12(b)(1). In the alternative, Defendant requests that if the court declines to dismiss under Rule 12(b)(1), it order Plaintiff to file a more definite statement because the complaint is "so vague or ambiguous" that Defendant "cannot reasonably prepare" an Answer. *Id.* 12(e).

**I.    Factual and Procedural Background**

Plaintiff, a state prisoner acting pro se, filed a complaint on April 18, 2023. Dkt. 1. In its "Jurisdiction" section the complaint refers to "[t]ax owed to me" and avers Plaintiff is "looking for the United States government to pay me back my taxes owed to me." Dkt. 1 at 1. The "Statement of the Claim" section was left blank. *Id.* at 2. The "Relief" section asks for "1.6 million dollars in back taxes owed to me." Plaintiff moved for leave to proceed *in forma pauperis*, *see* Dkt. 2, but his motion was denied. Dkt. 6.

1

**II.     Argument**

"Plaintiffs have the burden of establishing subject-matter jurisdiction in this Court [and t]he Court must dismiss the action if it finds subject-matter jurisdiction to be lacking." *Schallmo v. United States*, 147 Fed. Cl. 361, 363, *aff'd*, 825 F. App'x 826 (Fed. Cir. 2020) (citations omitted).  "Though a pro se plaintiff is afforded a liberal reading of his pleadings, he is not excused from his burden of proving the court's jurisdiction." *Grill v. United States*, 154 Fed. Cl. 802, 811 (2021), *appeal dismissed*, No. 2022-1011, 2021 WL 7909361 (Fed. Cir. Dec. 21, 2021).

There are well-established jurisdictional prerequisites for tax refund actions.  This court has jurisdiction over tax claims against the United States where such claims are founded on "any Act of Congress."  28 U.S.C. § 1346(a)(1).  And 28 U.S.C. § 1346(a)(1), which provides the cause of action for tax recovery suits against the United States, "has been construed by the Supreme Court as requiring full payment of the assessed tax liability before suit can be commenced."  *Rocovich v. United States*, 933 F.2d 991, 993 (Fed. Cir. 1991).  Suit is moreover only proper once "a claim for refund or credit has been duly filed" with the I.R.S.  26 U.S.C. § 7422(a); *see also id.* § 6532(a)(1) (after refund claim has been filed with I.R.S. claimant must wait no less than six months after filing or no more than two years after I.R.S. sends notice of disallowance to file suit).  A plaintiff must also establish that such a claim was itself filed "within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid."  *Id.* § 6511(a).  This court's rules further specify the documentation and statement that must support any refund claim.  *See* RCFC 9(m).

Plaintiff fails to establish that this court has jurisdiction.  The complaint pleads no facts concerning any particular tax payment for which the Plaintiff now seeks a refund and pleads no

reason for the alleged entitlement; nor have the pleading requirements of RCFC 9(m) been satisfied even on the most conceivably liberal reading of the complaint.  Therefore this case should be dismissed under RCFC 12(a).  But if this court finds otherwise, the court should order Plaintiff to produce a more definite statement per RCFC 12(e) specifying the facts about any payments actually made that were timely disputed with the IRS, and making cognizable arguments about why the payments were made improperly.  Without that the United States "cannot reasonably prepare" an Answer.

### III. Conclusion

For the foregoing reasons, the court should dismiss the case for lack of subject matter jurisdiction.  Alternatively, the court should order Plaintiff to file a more definite statement.

Date: May 19, 2023

Respectfully submitted,

*/s/ Alex Schulman*
ALEX SCHULMAN
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 514-0456
Fax: (202) 514-9440
Alexander.Schulman@usdoj.gov

DAVID A. HUBBERT
  Deputy Assistant Attorney General
DAVID I. PINCUS
   Chief, Court of Federal Claims Section

*/s/ David Pincus*
Of Counsel

Attorneys for Defendant